UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JIMMY LEE ROBNETT,

Plaintiff,

v.

CITY OF SAN JOSE, and others,

Defendants.

Case No. 24-cv-02385-NC

**ORDER FOLLOWING PRETRIAL CONFERENCE**

On February 11, 2026, the Court held a Pretrial Conference in this matter, attended by counsel for both parties. The Court summarizes the Court's orders and other matters discussed during the pretrial conference.

- Prospective Juror Questionnaire. Prospective jurors will be sent a Survey Monkey Questionnaire. Survey Monkey Questionnaire responses will be emailed to the trial attorneys for each side at the same time before jury selection. The Court may consider hardship challenges for prospective jurors in the week before trial and will issue additional procedural guidance after the questionnaires are reviewed. All juror survey responses must be returned or certified destroyed within 30 days after the end of the case.

- No additional filed motions during trial without meet and confer with opposing counsel and leave of Court. Trial is not intended to be an ambush. If any party

wishes to file a written motion during trial, they must first meet and confer with the opposing side and also receive leave of Court.  Surprise motions filed in the middle of the trial night are especially disfavored.  Reviewed and agreed.

- Plaintiff's request for additional time.  The Court denies Plaintiff's request and encourages the parties to meet and confer to submit stipulations of fact to the Court.

- Each side will be allowed up to 6 hours total for trial.  What activities count toward permitted trial time? Upon the start of opening statements, the trial clock will be running while Court is in session.  The reading of jury instructions and the jury instructions charging conferences do not count.  The courtroom deputy will track the time for each side, and the parties may ask her how much time remains.

- No jury questions to witnesses will be allowed.  In accordance with Defendant's objection, the Court denies this in the interests of time and efficiency.

- Trial schedule.  Juror voir dire will begin March 3, 2026, at 9:30 a.m.  Opening statements will begin on March 3, 2026 after voir dire concludes.  The typical trial day will run from 9:30 a.m. to 4:30 p.m., with a break for lunch typically from 12:30 p.m. to 1:30 p.m.

- Voir Dire.  The Court will call approximately 20 jurors into the courtroom at a time until a jury of 8 is selected.  There will be no alternates.  The Court will direct voir dire for each group first.  Each side will then be allowed 20 minutes of voir dire per jury group.  The Court will consider "for cause" challenges by each side next.  Then, each side gets 3 peremptory challenges total.  The peremptory challenges will not be refreshed after the first group of jurors.  Peremptory challenges will be processed in this sequence: Plaintiff; Defense; Defense; Plaintiff; Plaintiff; Defense.  A party may pass.  A pass will not count as a peremptory strike.  If the parties consecutively pass, the peremptory process ends and there will be no more peremptory strikes.  Counsel must be familiar and compliant with the Batson standards and procedure.  The Court will inquire if there are any *Batson* motions immediately after the peremptory challenges.  After a juror is dismissed or struck,

United States District Court
Northern District of California

another juror will not take their seat. The jury will be comprised of the first 8 jurors who remain.

- Sidebars during trial. The parties may request to discuss an issue with the Court without the jury present at a break.
- The Court will issue proposed opening jury instructions approximately a week before trial and, later, proposed closing jury instructions and jury verdict forms.
- Notice For Witnesses and Demonstrative Exhibits. The parties filed a stipulation regarding advance notice for witnesses which shall apply absent good cause or circumstances beyond a party's control. The parties agreed as follows:
  - o Plaintiff will provide 1 week notice for witnesses who are not current employees of Defendant;
  - o Each party shall provide the opposing party with at least 2 court days' advance notice of the witnesses it intends to call before those witnesses testify;
  - o All non-party, non-expert witnesses will be excluded from the courtroom when they are not testifying; and
  - o Each party shall disclose to the opposing party any demonstrative exhibits it intends to use at trial no later than 1 court day before their intended use.
- The Court will not be inclined to allow witnesses or evidence at trial that was not previously disclosed at the Pretrial Conference.
- Plaintiff's additional witnesses. Plaintiff requested to add 4 witnesses including, for example, Jesselle Holcomb regarding Plaintiff's exhibit 42. The Court will rule on the admissibility of that exhibit later. Plaintiff is ordered to, by February 13, 2026, submit supplemental briefing addressing (a) what the additional witnesses would speak to, and (b) which exhibits are implicated. In the same brief, Plaintiff may also submit his request to add additional jury instructions. Defendant may file a response by February 18, 2026.
- Second amended joint exhibit list. The parties are ordered to file a second amended

United States District Court
Northern District of California

joint exhibit list by February 18, 2026, indicating which exhibits are on both parties' lists. Plaintiff may remove withdrawn exhibits.

- Stipulations of Fact. The parties are encouraged to meet and confer to submit stipulations of fact to the Court.
- Settlement. The parties are reminded to contact Judge Van Keulen's courtroom deputy to schedule a further settlement conference if desired.
- Finally, if the parties would like to install and test their courtroom technology before trial, they should contact the courtroom deputy, Lili Harrell, to schedule a time to do so.

**IT IS SO ORDERED.**

Dated: February 11, 2026

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

United States District Court
Northern District of California

4